74 F.3d 28
 64 USLW 2494, 19 Employee Benefits Cas. 2361,
Pens. Plan Guide P 23916T
 NYSA-ILA MEDICAL AND CLINICAL SERVICES FUND, by its
Trustees, John Bowers, James Capo, Frank Lonardo, William P.
Lynch, M. Brian Maher, James P. Melia, Gerald Owens, and
Peter Vickers, Plaintiffs-Appellants,
v.
David AXELROD, M.D., in his capacity as New York State
Commissioner of Health; Lorna H. McBarnette, in her
capacity as New York State Executive Deputy Commissioner of
Health; Steven C. Anderman, in his capacity as Deputy
Director, Division of Health Care Financing, Office of
Health Systems Management, New York State Department of
Health, Defendants-Appellees.
 No. 1294, Docket 93-7221.
 United States Court of Appeals,
Second Circuit.
 Submitted Nov. 15, 1995.
Decided Jan. 4, 1996.
 
 Donato Caruso, New York City (C. Peter Lambos, Lambos & Giardino, New York City; Thomas W. Gleason, Ernest L. Mathews, Jr., Gleason & Mathews, New York City), for Plaintiffs-Appellants.
 M. Patricia Smith, Ass't Attorney General of Counsel, New York City (Dennis C. Vacco, Attorney General of the State of New York), for Defendants-Appellees.
 Jeffrey J. Sherrin, Albany, New York (Sherrin & Glasel, Albany, New York), for Amicus Curiae.
 Before: WALKER and JACOBS, Circuit Judges, and ZAMPANO, District Judge.*
 PER CURIAM:
 
 
 1
 On June 23, 1994, we entered a judgment and filed an opinion, NYSA-ILA Medical & Clinical Servs. Fund v. Axelrod, 27 F.3d 823, which reversed a summary judgment entered February 23, 1993 by the United States District Court for the Southern District of New York (John S. Martin, Jr., Judge ). The district court had held that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sec. 1001 et seq., did not preempt New York's Health Facility Assessment ("HFA"), N.Y.Pub.Health Law Sec. 2807-d, reasoning that the tax imposed by the HFA "is not great enough to pose a serious economic threat to the plan." In reversing, we held that the HFA directly affected and was therefore "related to" the Fund in its principal role as an employee welfare plan.
 
 
 2
 On May 1, 1995, the Supreme Court entered an order granting certiorari, vacating the judgment of this court, and remanding the case to us for further consideration in light of New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., --- U.S. ----, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995), rev'g 14 F.3d 708 (2d Cir.1994). See Chassin v. NYSA-ILA Medical & Clinical Servs. Fund, --- U.S. ----, 115 S.Ct. 1819, 131 L.Ed.2d 742 (1995).
 
 
 3
 We ordered counsel for the parties to brief the issue of whether Travelers requires a different result in this case. Upon receipt of these briefs, we carefully reconsidered this case in light of Travelers. For the reasons that follow, we adhere to our original decision reversing the judgment of the district court.
 
 
 4
 The undisputed facts in this case have been set forth both in the district court opinion and in our original opinion, and we therefore do not fully restate them here. The Trustees of NYSA-ILA Medical & Clinical Services Fund (the "Fund") brought this suit seeking a declaration that ERISA preempts New York Public Health Law Sec. 2807-d to the extent that the HFA taxes contributions and other payments for health care benefits received by two medical centers operated by the Fund. On appeal, we found that the HFA directly "relates to" the Fund in that "[t]he tax depletes those assets earmarked for the provision of health care benefits and, as a result, will cause the Fund to reduce benefits provided and/or to charge beneficiaries more in the future for benefits received." Axelrod, 27 F.3d at 827.
 
 
 5
 Upon reconsideration in light of the Supreme Court's holding in Travelers, we conclude that the ground upon which our earlier decision in this case rested remains undisturbed. Travelers involved a challenge to New York's imposition of a surcharge on hospital bills paid by commercial insurers and Health Maintenance Organizations but not on hospital bills paid by Blue Cross/Blue Shield insurers. The statute at issue in Travelers did not impose surcharges on ERISA plans themselves, but on insurance carriers providing health insurance coverage to the plans and their beneficiaries. The surcharge consequently raised costs to the patient, who remained liable for the balance of any bill an ERISA plan or insurance carrier refuses to pay. The Supreme Court concluded that "a law operating as an indirect source of merely economic influence on administrative decisions [by ERISA plans], as here, should not suffice to trigger pre-emption." Travelers, --- U.S. at ----, 115 S.Ct. at 1680.
 
 
 6
 The facts of the present case distinguish it from Travelers, because, unlike in Travelers, there is no third party between the plan and the tax imposed pursuant to the HFA. Rather, the statute at issue depletes the Fund's assets directly, and thus has an immediate impact on the operations of an ERISA plan. As we observed in our original opinion, the HFA imposes "an immediate tax on payments and contributions which were intended to pay for participants' medical benefits ... [and] thus directly affects the Fund in its principal role as an employee welfare benefit plan." Axelrod, 27 F.3d at 827.
 
 
 7
 Nothing in Travelers undermines our reliance on the HFA's direct economic impact upon the Fund as a basis for finding ERISA pre-emption nor precludes a determination that a state law's direct economic impact on ERISA plans is sufficient for a finding of pre-emption. Because our reasoning is not inconsistent with the Supreme Court's opinion in Travelers, we adhere to our original disposition that reversed and remanded this case.
 
 
 
 *
 Honorable Robert C. Zampano, United States District Judge for the District of Connecticut, sitting by designation. Judge Zampano retired shortly after oral argument was heard in this case. Accordingly, the appeal was decided by the remaining panel members pursuant to Section 0.14 of the Local Rules of the Second Circuit